Patrick Morgan Ford
California State Bar Number 114398
Law Office of Patrick Morgan Ford
1901 1st Avenue, Suite 400
San Diego, CA 92101
Telephone: 619-236-0679
Fax: 619-699-1159

Attorney for Petitioner, Eddie Lee Evans

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eddie Lee Evans,<br><br>                    Petitioner,<br><br>    v.<br><br>Kelly Santoro, Warden,<br>North Kern State Prison<br><br>                    Respondent. | Case No.: _____<br><br><br>**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. 2254)** |

1

1.     <u>Name and location of court that entered the judgment of conviction under attack:</u>

    Superior Court of San Bernardino County, Rancho Cucamonga, California

2.     <u>Date of judgment of conviction:</u>

    06/19/21

3.     <u>Trial court case number of the judgment of conviction being challenged:</u>

    No. FWV17002253

4.     <u>Length of sentence:</u>

    50 years to life

5.     <u>Sentence start date and projected release date:</u>

    July 26th, 2018, June 2042

6.     <u>Offenses for which petitioner was convicted or pleaded guilty to:</u>
A jury found petitioner guilty of murder and found true gun-use enhancements.

7.     What was your plea?

    (a) Not guilty     X
    (b) Guilty         _
    (c) Nolo contendere    _

8.     <u>If petitioner pleaded not guilty, what kind of trial was had?</u>

2

(a) Jury          X
(b) Judge only    _

9.    <u>Did petitioner testify at trial?</u>

__ Yes      X No
                    <u>DIRECT APPEAL</u>

10.   <u>Did petitioner appeal from the judgment of conviction in the California Court of Appeal?</u>

X  Yes      _ No

11.   <u>If petitioner appealed in the California Court of Appeal answer the following:</u>

(a) <u>Result:</u>

Affirmed

(b) <u>Date of result, case number and citation, if known:</u>

January 6th, 2020; Case No. E070871

(c) <u>Grounds raised on direct appeal:</u>

1.    Evans was denied due process of law and his right to a
fair trial under Article I, section 7 of the California Constitution
due to the unjustified pre-accusation delay of seventeen years
requiring dismissal of the first degree murder conviction.

2.    The evidence presented at trial was constitutionally
insufficient to prove beyond a reasonable doubt that Evans was
the person who killed Robert Goodson; due process requires
that the first degree murder conviction be reversed.

3

3.      Evans was unduly prejudiced by the court's abuse of discretion admitting George Lewis' testimony regarding alleged 2009 discussions in which Evans suggested Lewis should kill Evans' wife, that Evans would kill her if Lewis would not, and that Evans knew how to do it without getting caught because "it is in his blood" and "it was not his first rodeo."

4.      Evans' federal and state due process and equal protection rights were violated when the trial court imposed court facilities and government operations fees, and imposed a restitution fine, without finding he had the present ability to pay the fines and fees.

12.    If petitioner sought direct review of the decision on appeal by the **California Supreme Court** (e.g. Petition for Review), please answer the following:

(a) Result:

Denied

(b) Date of result, case number and citation, if known:

April 1st, 2020; Case No. S260529

(c) Grounds raised:

1.      Testimony pertaining to an incident unrelated to this murder trial that petitioner asked another person to kill petitioner's wife, that petitioner stated he would kill her himself if the other person would not, that "it was in his blood" and "not his first rodeo" was inadmissible either as character evidence or as a party admission and should have been excluded under Evidence Code section 352.

2.      The evidence presented at trial was constitutionally

4

insufficient to prove beyond a reasonable doubt that petitioner was the person who killed Robert Goodson; due process requires that the first degree murder conviction be reversed.

3.     Petitioner was denied due process of law and his right to a fair trial under Article I, section 7, of the California Constitution due to the unjustified pre-accusation delay of seventeen years requiring dismissal of the first degree murder conviction.

4.     Does a sentencing court violate a criminal defendant's right to due process of law by failing to hold an ability to pay hearing before imposing a restitution fine under Penal Code section 1202.4 or court security and criminal assessment fees?

13.     If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

Not applicable.

## COLLATERAL REVIEW IN STATE COURT

14.     Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Superior Court?**

Yes   X No

15.     If the answer to #[14] was "Yes," give the following information:

Name of Court: Not applicable.

16.     Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the California Court of Appeal?

Yes   X No

17.   If your answer to #[16] was "Yes," give the following information:

Not applicable.

18.   Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court?**

Yes   X No

19.   If your answer to #[18] was "Yes," give the following information:

Not applicable.

20.   If you did not file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court** containing the grounds raised in this federal Petition, explain briefly why you did not:

Not applicable.

COLLATERAL REVIEW IN THE FEDERAL COURT

21.   Is this your first federal petition for writ of habeas corpus challenging this conviction?

X Yes _ No

GROUNDS FOR RELIEF

22.   Claim one: The trial court erred by denying petitioner's motion to dismiss the charges based on the seventeen-year delay, and the California Court of Appeal's rejection of this

6

claim was contrary to the clearly established Supreme Court precedent of *United States v. Gouveia, United States v. Lovasco,* and *United States v. Marion.*

Supporting Facts: Before trial and after the preliminary hearing, defense counsel moved to dismiss the charges based on unjustified pre-accusation delay. More specifically, counsel argued that five key witnesses had died between the alleged incident and the filing of charges, there were issues with witness memory, and key evidence regarding the case no longer existed. Rather than rule on the motion to dismiss for denial of due process prior to trial, the court determined that a ruling would be made after trial. After the trial, the court denied the motion to dismiss, finding no prejudice resulted from the delay.

Did you raise [these] ground[s] in the California Supreme Court?

x Yes. _ No

23.   Do you have any petition or appeal now pending in any court, either state or federal, pertaining to the judgment under attack?

_ Yes. x No

24.   If you answer to #23 is "Yes," give the following information:

Not applicable.

25.   Give the name and address, if known, of each attorney who represented in the following stages of the judgment attached herein:

(a)   At the preliminary hearing:

Julie Ettart
San Bernardino Public Defender

7

8303 Haven Avenue, 3rd Floor
Rancho Cucamonga, CA   91730

(b)     At arraignment and plea:

Julie Ettart

(c)     At trial:

Julie Ettart

(d)     At sentencing:

Julie Ettart

(e)     On appeal:

Ronda G. Norris
P.O. Box 53
Hattiesburg, MS  39403

(f)     In any post-conviction proceeding:

Not applicable.

(g)     On appeal from any adverse ruling in a post-conviction proceeding:

Not applicable.

26.   Were you sentenced on more than one count of an indictment, or more than one indictment in the same court and at the same time?

_ Yes. x No

27.   Do you have any future sentence to serve after you complete the

8

sentence imposed by the judgment under attack?

_ Yes. x No

3.    Date you are mailing (or handing to a correctional officer) this Petition to this court:

Petition filed by counsel.

WHEREFORE, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

Dated: June 14, 2021

Patrick Morgan Ford
Attorney for Petitioner,
EDDIE LEE EVANS

9